IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PEDRO ZARAGOZA DELGADO and § | | |
| EMA GEORGINA ZARAGOZA-ALDANA § | | Civil Action No. EP16CV0136 |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | |
| § | | |
| JORGE H. ZARAGOZA FUENTES, § | | |
| JORGE A. ZARAGOZA VILLARDAGA § | | |
| RODRIGO MENDOZA DELGADO, and § | | |
| MANUEL ESTEBAN BALDERAS ROJAS § | | |
| § | | |
| Defendants. § | | |

## PLAINTIFFS' MOTION TO REMAND

Plaintiffs Pedro Zaragoza Delgado ("Pedro Zaragoza, Jr." or "Plaintiff") and Ema Georgina Zaragoza-Aldana ("Ema Zaragoza"), by and through undersigned counsel, hereby files this Motion to Remand pursuant to 28 U.S.C. §1447, and respectfully shows this Court the following:

### I. BASIS FOR REMAND

1. This suit should be remanded to the 41st Judicial District Court of El Paso County because this Court lacks subject-matter jurisdiction. Defendants' improper removal is incorrectly based on 28 U.S.C. § 1331. Defendants' misconstrue the basic facts in Plaintiffs' original petition. There is no legitimate "federal question" in a personal injury/fraud lawsuit involving all individual El Paso County, Texas residents. Plaintiffs asserted claims for fraud, civil conspiracy, malicious prosecution, false imprisonment, defamation, and intentional infliction of emotional distress against individual Defendants, all of whom claim to be El Paso

County, Texas residents. All or a substantial part of the events and actions giving rise to this suit occurred in El Paso County, Texas. Plaintiffs' causes of action do not arise under the Constitution, laws or treaties of the United States. Defendants' contentions that a federal question exists because the determination and interpretation of international law is involved and because the Republic of Mexico has a compelling interest in enforcing its own laws, through its legal system are clearly without merit.

## II. BACKGROUND

2.       Pedro Zaragoza, Jr. is the nephew of Defendant Jorge H. Zaragoza Fuentes ("Jorge Zaragoza, Sr.") and the cousin of Defendant Jorge A. Zaragoza Villardaga ("Jorge Zaragoza, Jr."). Plaintiff is the son of Pedro Zaragoza Fuentes ("Pedro Zaragoza, Sr."). Pedro Zaragoza, Sr. is the older brother of Jorge Zaragoza, Sr. Plaintiff is married to Ema Zaragoza. Plaintiff and Ema reside in El Paso County, Texas and have two minor children together.

3.       Pedro Zaragoza, Sr. and Jorge Zaragoza, Sr. (collectively referred to as the "Zaragoza Brothers") own and operate various businesses together, including a successful dairy business in Mexico. Their sons, Pedro Zaragoza, Jr. and Jorge Zaragoza, Jr. work in and/or are associated with their fathers' respective businesses. The two cousins and their respective siblings are heirs to their fathers' interests in the Zaragoza family businesses.

4.       Defendant Rodrigo Mendoza ("Mendoza") and Defendant Manuel Balderas Rojas ("Balderas") both worked for the Zaragoza Brothers for several years. Mendoza and Balderas now work only for Jorge Zaragoza, Sr. and Jorge Zaragoza, Jr.

5.       The Zaragoza Brothers have been negotiating a division of their multi-million dollar family businesses and assets since approximately 2009. Their negotiations have been unsuccessful and have resulted in over one hundred civil and criminal actions in Mexico.

Despite the legal actions which have been filed by Jorge Zaragoza, Sr. in Mexico with the help of Jorge Zaragoza, Jr. Mendoza, and Balderas, the actions have been resolved in favor of Pedro Zaragoza, Sr. Defendants' greed, malice, and vengefulness have resulted in direct personal attacks on the life and liberty of Pedro Zaragoza, Jr., Pedro Zaragoza, Sr., and the intentional infliction of emotional distress on their families, specifically, Ema Zaragoza in El Paso County, Texas. It is the County of El Paso and the State of Texas that have the direct compelling interest to protect its' residents from personal injury and fraud from other individuals.

6. In December 2015, Mendoza, acting on behalf of Jorge Zaragoza, Sr., provided Pedro Zaragoza, Sr. with a settlement/division of assets proposal (that favored Jorge Zaragoza, Sr.) for consideration.

7. On January 20, 2016, as a result of the Defendants' false pretenses and conspiracies, represented to Pedro Zaragoza, Jr. in El Paso, Texas, Pedro Zaragoza, Jr. traveled from his home in El Paso County, Texas to Mexico City. Plaintiff was then violently detained by armed agents of the Procuraduría del Estado de Sinaloa (Criminal Prosecutor's Office for the State of Sinaloa, Mexico). Plaintiff was arrested and interrogated for numerous hours about false extortion allegations that had been made against Plaintiff and Pedro Zaragoza, Sr. by Defendants. Plaintiff denied any wrongdoing and was transported to Culiacan, Sinaloa, Mexico where he was jailed.

8. Plaintiff's incarceration was based on an order issued by the Sixth Court Judge for Criminal Matters in Culiacan, Sinaloa, Mexico. The order resulted from the allegations of extortion filed by Jorge Zaragoza, Sr. and Jorge Zaragoza, Jr. which were supported by oral testimony provided to the court by Mendoza and Balderas. Defendants' acts also caused an arrest warrant for Pedro Zaragoza, Sr. to be issued.

9. While Plaintiff was in jail in Sinaloa, Mexico, Jorge Zaragoza, Sr. and his agents presented Pedro Zaragoza, Sr. with a new settlement demand and which had been increased by approximately $75,000,000.00. The new and outrageous demand was clearly due to Pedro Zaragoza, Jr.'s incarceration and the outstanding arrest warrant for Pedro Zaragoza, Sr. During Plaintiff's incarceration, Ema Zaragoza, while in El Paso, Texas at her home, received a phone call from Defendants' agent and unnamed conspirator. Ema Zaragoza was told that the time had come for Pedro Zaragoza, Sr. to negotiate with Jorge Zaragoza Sr. and Mendoza, that nothing bad would happen to her husband if everyone cooperated, and that she had to convince her father-in-law to accept Defendants' new demands so that her husband could be released from jail.

10. Pedro Zaragoza, Sr. refused to negotiate with Defendants while they falsely held his son in a Sinaloa prison and were continuing to seek his own arrest in Mexico. The family demanded a hearing.

11. On March 14, 2016, after an evidentiary hearing on Defendants' complaint for extortion against Plaintiff, the Sixth Court Judge for Criminal Matters in Culiacan held that Pedro Zaragoza, Jr. did not commit the acts of extortion alleged in the complaint. *See* Appendix Exhibit "A." The Judge declared that the allegations made by Jorge Zaragoza, Sr. and Jorge Zaragoza, Jr. were false. *Id.* The Judge further declared that the oral testimony given by Mendoza and Balderas (El Paso County, Texas residents) in support of the complaint was scripted, false, and unbelievable. *Id.* After 56 days of incarceration in a Sinaloa jail, Pedro Zaragoza, Jr. was released from jail.

12. On April 7, 2016, Pedro Zaragoza, Jr. and Ema Zaragoza filed suit in El Paso County, Texas against Defendants for Defendants' wrongful actions and seeking damages for the injuries suffered as a result of those actions.

13. Mendoza and Chaparro were served with process on April 11, 2016. Jorge Zaragoza, Sr. and Jr. avoided service of process. The state court granted Plaintiff's motion for substitute service. Defendants Jorge Zaragoza, Sr. and Jr. were served. Attorney David Pierce ("Pierce") represents all Defendants.

14. On April 22, 2016, Defendants' removed this case to federal court, claiming a "federal question" existed.[1]

## III. ARGUMENT & AUTHORITY

15. Federal courts strictly construe the removal statutes, "and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Ace. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The party invoking federal court removal jurisdiction bears the burden of establishing that this court has jurisdiction over the claims. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 364, 362 (5th Cir. 1995); *Willy v. Coastal Corp.*, 85 F.2d 1160, 1164 (5th Cir. 1988).

---

[1] Defendants' attorney also removed another case from the 41st District Court on the same day, citing "federal question" jurisdiction. The 41st Judicial District Judge issued an order for some of these same defendants to turnover books and records of a company they were withholding from a company. Defendants Jorge Zaragoza, Sr. and Mendoza refused to comply with the Order. As soon as the hearing for injunction was about to commence, Defendants' attorney, David Pierce, filed the Notice of Removal. A Motion for Contempt was also pending at the time for failure to comply with the Temporary Restraining Order. *See case styled Union de Pasteurizadores de Juarez Sociedad Anonima de Capital Variable v. Jorge H. Zaragoza Fuentes, Rodrigo Mendoza, and Jose Luis Chaparro Amparan*, cause number EP-16-CV-137-KC, on the docket of the United States District Court for the Western District of Texas El Paso Division, United States District Judge Kathleen Cardone presiding.

5

16.     Pursuant to 28 U.S.C. § 1331, a federal court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *Gonzales v. Whelan Sec. Co.*, 507 Supp. 2d 687, 690-91 (W.D. Tex. 2006). Federal courts analyze a removal action on the basis of federal question under the well-pleaded complaint rule, which requires disclosure of the federal question on the face of the complaint. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The complaint must state a cause of action created by federal law or it must assert a state-law cause of action requiring the "resolution of a substantial question of federal law." *Id.* at 2848. The court's inquiry focuses only on those allegations necessary to state a claim. *Willy*, 855 F.2d at 1664. If a question of federal law does not appear on the face of a plaintiff's well-pleaded complaint, federal question jurisdiction does not exist. *Delgado v. Shell Oil, Co.*, 890 F.Supp. 1324, 1349 (S.D. Tex 1995), *citing Anderson v. American Airlines, Inc.*, 2F.3d 590, 593 (5th Cir. 1993).

17.     Plaintiffs' "Original Petition for Fraud, Civil Conspiracy, Malicious Prosecution, False Imprisonment, Defamation, Intentional Infliction of Emotional Distress and Punitive Damages" does not assert any claims under federal law. It contains only state-law causes of action involving individual residents of El Paso County, Texas, both Plaintiffs and Defendants. Nevertheless, improperly citing to *Grynberg Prod. Corp. v. British Gas, P.L.C.*, 817 F.Supp. 1338 (E.D. Tex. 1993), Defendants attempt to assert some sort of federal question jurisdiction under 28 U.S.C. § 1331 based on bare allegations that Plaintiffs' claims raise a federal question the determination and interpretation of international law is involved. Defendants refer the court to Appendix A attached to their removal notice stating that the facts set forth therein

6

"demonstrate that international law controls this case." (See footnote 1 of Defendants' removal notice). Appendix A contains Defendants' summary of Plaintiffs' complaint and is not correct. Plaintiffs request that this Court look only to the face of the complaint in determining the presence or absence of federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987); *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001).

18.     Plaintiff Pedro Zaragoza, Jr. has asserted personal injury and fraud claims against Defendants. Plaintiff Ema Zaragoza has also asserted an intentional infliction of emotional distress claim against Defendants in her individual capacity.

19.     No basis exists for federal-question jurisdiction in this case. Consequently, this Court lacks subject-matter jurisdiction. Plaintiffs do not dispute that removal has been held to be proper when a state cause of action turns on issues implicating international relations. However, such is not the case here. Plaintiff's reliance on *Grynberg* is simply misplaced.

20.     In *Grynberg*, removal was granted because plaintiff sought an order from a Texas court compelling specific performance of its alleged right to mine mineral resources in Kazakhstan, a country where mineral interests are highly regulated/owned by the government. The court found that Kazakhstan's vital interest in allocating its own mineral resources were affected by the suit and that issues of international relations law, such as the extent of a foreign state's ownership of its own natural resources and questions of sovereign succession, was necessary to resolve the state law claims asserted in the suit. *Grynberg*, 817 F.Supp. at 1356-63. Therefore, the *Grynberg* court determined that issues of international relations were squarely raised and resolution of those issues was necessary to resolve the state law claims alleged by plaintiff. None of these conditions are remotely present here.

21.     No governments or relation of any governments are involved in this suit. Plaintiffs' causes of action are clearly privates one. Plaintiffs are not attempting to challenge any Mexican government order or act in this suit. Plaintiff is not attempting to alter or refine the laws of Mexico. There is no interest of Mexico that is vitally affected by this law suit. Plaintiff is not seeking the enforcement or obstruction of any Mexican laws in this suit. Upon close scrutiny of Plaintiffs' pleadings, this Court will find no hint of federal law or foreign relations.

22.     In brief summary, individual Plaintiffs have alleged that individual Defendants, all of whom reside in El Paso County, Texas, have committed acts in El Paso County, Texas and in Mexico that resulted in the false imprisonment of Pedro Zaragoza, Jr., that Defendants acts were fraudulent, malicious, and part of a conspiracy to extort money, that the criminal complaint and allegations made against Pedro Zaragoza, Jr. in Sinaloa, Mexico have been declared to be false by the Mexican judiciary, and that Plaintiffs have been injured as result of Defendants' actions and omissions.

23.     Plaintiffs' causes of action do not require a determination that would directly and significantly affect America's foreign relations or implicate important foreign policy concerns. In this case, there are no issues involving the United States' relationship with Mexico. Despite Defendants' contention that the Mexican government has a compelling interest to enforce its own laws, Plaintiffs are not seeking the enforcement or invalidation of Mexico's laws. Furthermore, Plaintiffs are not challenging any Mexican laws, decrees, or judgments. The Republic of Mexico is not a party to this suit. Thus, Mexico's economic or sovereign interests are not implicated in this suit. *Cf. Torres v. Southern Peru Copper Corp.,* 113 F.3d 540, 543 (5th Cir. 1997) (finding federal question jurisdiction in tort action because suit struck at Peru's economic and sovereign interests by seeking damages for activities and policies in which foreign

government was actively engaged as it owned land and minerals involved in the suit); *Pacheco de Perez v. AT&T,* 139 F.3d 1368, 1378 (11th Cir. 1998) (concluding no federal relations implicated in suit against a Venezuelan company where foreign government had not taken interest in suit); *Marathon Oil Co. v. Ruhrgas, A.G.,* 115 F.3d 315, 320 (5th Cir. 1997), *vacated on other grounds,* 145 F.3d 211 (5t Cir. 1998) (en banc), *rev'd and remanded on other grounds,* 526 U.S. 574, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (federal jurisdiction did not exist because lawsuit did not strike at Germany's vital economic interests even when Germany filed an amicus brief and sent letter to State Department); *Sequihua v. Texaco, Inc.,* 847 F.Supp. 61, 62-3 (S.D. Tex. 1994) (federal question existed in suit for environmental contamination where Plaintiffs' allegations showed injury arose solely in Ecuador, Plaintiffs' complaint was about conduct regulated by the foreign government, Ecuador owned the land at issue, and Ecuador objected to litigation); *Grynberg,* 817 F.Supp. at 1362-65 (in suit over rights to develop oilfield in Kazakhstan, remand to state court was denied based on federal question jurisdiction where plaintiff was required to establish invalidity of Kazakhstan's acts and Kazakhstan's interest in allocating is own natural resources was vitally affected by suit).

24. Although Plaintiffs' petition provides the factual background which led to the pending suit, including references to the Mexican government and other acts that have occurred in Mexico, no state action or foreign relation is being questioned by Plaintiffs. The resolution of Plaintiffs' claims do not require either determinations that directly and significantly affect foreign relations or determinations of the law of international relations. *Delgado,* 890 F.Supp. at 1348-49. While it can be anticipated that Defendants' will raise and challenge the validity of the Mexican judiciary's actions in relation to their extortion complaint, a defense that raises a federal question is insufficient to confer federal jurisdiction. *See Merrell Dow,* 478 U.S. at 808 (a

defense that raises a federal question is inadequate to confer federal jurisdiction). Moreover, "not every claim implicating the international law of foreign relations will give rise to federal question jurisdiction." *Delgado,* 890 F.Supp. at 1348. Here, the question of import is whether the named defendants have committed the torts of fraud, civil conspiracy, false imprisonment, malicious prosecution, defamation, and intentional infliction of emotional distress. These are questions that are clearly governed by state common law.

25. Defendants bear the burden to establish that this federal court, without any doubt, has jurisdiction over Plaintiff's action because it clearly presents a federal question. Defendants provide no convincing authority to support their contention and have failed to meet their burden.

26. Pursuant to 28 U.S.C. § 1447(c), Plaintiffs request that the Court assess their just costs, actual expenses and attorneys fees incurred as a result of the removal against Defendants.

WHEREFORE, Plaintiffs, Pedro Zaragoza Delgado and Ema Georgina Zaragoza-Aldana respectfully request that the grant their Motion to Remand, remand this suit to the state court in which it was originally filed, and award Plaintiffs their court costs, expenses, attorney fees, and any and all further relief as required under law and equity to which Plaintiffs may be justly entitled.

Respectfully submitted,

**RAY, MCCHRISTIAN & JEANS, P.C.**
5822 Cromo Drive
El Paso, Texas 79912
(915) 832-7200
(915) 832-7333 Facsimile
jray@rmjfirm.com
alopez@rmjfirm.com

May 4, 2016

/s/ Jeff Ray
**JEFF RAY**
State Bar No. 16604400

**ALDO ROMAN LOPEZ**
State Bar No. 24060185
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Jeff Ray, certify on this day of May 3, 2016, I electronically filed the foregoing motion with the clerk of the court for the U.S. District Court, Western District of Texas, using the CM/ECF system which will send notification to all counsel of record on the CM/ECF service list.

/s/ Jeff Ray
**JEFF RAY**