IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| PEDRO ZARAGOZA DELGADO and<br>EMA GEORGINA ZARAGOZA-ALDANA<br><br>Plaintiffs,<br><br>v.<br><br>JORGE H. ZARAGOZA FUENTES,<br>JORGE A. ZARAGOZA VILLARDAGA<br>RODRIGO MENDOZA DELGADO, and<br>MANUEL ESTEBAN BALDERAS ROJAS<br><br>Defendants. | §§§§§§§§§§§§§§ | Civil Action No. 16-CV-136-PRM |

## PLAINTIFFS' MOTION FOR ATTORNEY'S FEE AND COSTS

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW Plaintiffs Pedro Zaragoza Delgado and Ema Georgina Zaragoza-Aldana ("Plaintiffs"), by and through undersigned counsel, and hereby file their Motion for Attorney's Fees and Costs, and respectfully show this Court the following:

### BACKGROUND

1. On April 22, 2016, Defendants removed this case to federal court asserting federal question jurisdiction under 28 U.S.C § § 1331 and 1441(a).

2. On May 4, 2016, Plaintiffs filed their motion to remand asserting that this Court lacked subject matter jurisdiction. Plaintiffs also requested that the Court grant their attorney's fees and costs relating to the removal of this action from state court pursuant to 28 U.S.C. § 1447(c).

3.	On August 1, 2016, the Court granted Plaintiffs' motion to remand and issued an order remanding the case to state court and granting Plaintiffs' request for attorney's fees and costs.

4.	On August 8, and 10, 2016, counsel for Plaintiffs attempted to confer with defense counsel for the purpose of resolving all disputed issues relating to attorney's fees prior to the filing of this motion as required by Local Rule CV-7(j). *See* Appendix: **Exhibit "A"** and **"B."** On August 11, 2016, Plaintiffs' counsel Aldo Lopez called Mr. Hugo Madrid regarding the same, but was unable to reach Mr. Madrid.

5.	Undersigned counsel certifies to the Court that they have engaged in good faith discussions regarding the issue of attorney's fees with counsel for Defendants.

6.	The parties have been unable to reach an agreement relating to attorney's fees. No agreement could be reached by the parties because no response was received from Defendants' counsel regarding the amount of attorney's fees and costs being requested by Plaintiffs.

## APPLICABLE LAW & ARGUMENT

7.	If the court grants a motion to remand, the court's order may require payment of costs, expenses, and attorney's fees incurred if removal was unreasonable or improper. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Absent unusual circumstances, courts should award costs and fees upon remand of a case "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*

8.	Once a district court has determined that attorney's fees should be awarded, it must use the lodestar method to determine the appropriate amount. *Estrada v. City of El Paso,*

1

*TX*, 500 F.Supp.2d 677, 678 (W.D. Tex. 2006). There are two steps under the lodestar method: (1) determine the "lodestar" amount by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers; and (2) consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of additional factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The additional factors the Court may consider in making adjustments up or down from the lodestar include: (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether this fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable"; (11) the type of attorney-client relationship and whether that relationship was longstanding; and (12) awards made in similar cases. *Estrada*, 500 F.Supp.2d at 680. However, the lodestar is presumptively reasonable and should be modified only in exceptional cases. *City of Burlington v. Dague*, 505 U.S. 557, 567, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449 (1992).

9. The Court's award of attorney's fees and costs is proper in this case as the Court has determined Defendants lacked an objectively reasonable basis for seeking removal. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001). A district court's award of attorney's fees under 28 U.S.C. § 1447 is reviewed for an abuse of discretion. *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012).

10. Plaintiffs have incurred $12,599.50 in reasonable attorney's fees and costs related to the defense of Defendants' removal of this action which includes reviewing the removal papers and other documents filed by Defendants in this case, complying with the court's orders, drafting, revising, editing, and researching removal and remand issues. *See* Appendix: **Exhibit "C,"** an affidavit by Jeff Ray and attachment **Exhibit "C-1,"** (a chronological summary/itemized accounting regarding the services rendered and/or fees incurred by Plaintiff as a result of Defendants' removal action) fully incorporated herein by reference; and **"Exhibit "D,"** an affidavit by Richard Bonner confirming the reasonable hourly rate for attorneys in the El Paso legal community fully incorporated herein by reference.

11. The $12,599.50 in attorney's fees that Plaintiffs have incurred in defending against Defendants removal action was computed multiplying the reasonable number of hours expended on the removal litigation and the reasonable hourly rates for the participating attorneys. *See* Appendix: **Exhibit "C"** and attachment **Exhibit "C-1."** The legal fees incurred reflect 57.2 hours in attorney time. As established by the attached affidavits, the amount of legal fees incurred is reasonable and necessary in light of the issues presented in this improper removal action filed by Defendants. *See, e.g., Summit Mach. Tool Mfg. Corp. v. Great N. Ins. Co.*, 883 F. Supp. 1532, 1534 (S.D. Tex. 1995) (holding that 80 hours of attorney time was appropriate award of attorney's fees on remand pursuant to 28 U.S.C. § 1447(c).

12. Once a district court has determined that attorney's fees should be awarded, it must use the lodestar method to determine the appropriate amount. *Estrada v. City of El Paso, TX*, 500 F.Supp.2d 677, 678 (W.D. Tex. 2006). The computation of the amount of fees used in this case by Plaintiffs' counsel is the lodestar method. The lodestar is presumptively reasonable and should be modified only in exceptional cases. *City of Burlington*, 112 S.Ct at 2641.

13. This is not an exceptional case such that the lodestar requires no adjustment. Further, Plaintiffs' believe that no downward adjustment is necessary due to the following factors: (1) Defendants' removal of this case to federal district court was not objectively reasonable, (2) the complexity of the issues involved in the case, (3) the time and services rendered by counsel for Plaintiffs on the improper removal of this case, and (4) an award of attorney's fees in the amount of $12,599.50 is a reasonable amount and comparable to awards made in similar cases.[1] *See Sabre, Inc.*, 649 F.3d at 541, 544 (affirming district court's award of $15,955.00 in attorney's fees upon finding that Sabre did not have objectively reasonable grounds to believe removal of the case to federal district court).

14. Defendants removed this action without any reasonable basis to do so. Plaintiffs respectfully request that this Court grant their Motion for Attorney's Fee and Costs and that they be awarded $12,599.50 against Defendants for just fees and costs pursuant to 28 U.S.C. § 1447(c). Plaintiffs' further request that the award of attorney's fees be paid on or before September 29, 2016, delivered to Plaintiffs' attorney of record, and in the form of cash, cashier's check or check payable to Ray, McChristian & Jeans, P.C. drawn on any federally insured or state-charted bank or saving-and-loan association physically located in El Paso County, Texas.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court grant their Motion for Attorney's Fees and Costs in its entirety and for such other and further relief to which they may be justly entitled.

---

[1] Additionally, in another suit involving some of the same Defendants and the same defense counsel as in this case, the Honorable Kathleen Cardone remanded the suit back to state court and awarded the Plaintiff (who filed suit seeking injunctive relief in the form of a turnover order) $11, 804.00 as reasonable attorney's fees. *See Union de Pasteurizadores de Juarez Sociedad Anonima de Capital Variable v. Jorge H. Zaragoza Fuentes, Rodrigo Mendoza, and Jose Luis Chaparro Amparan*, Civil Action No. 16-CV-137-KC, "Document 24" – Order.

4

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>**RAY, MCCHRISTIAN & JEANS, P.C.**<br>5822 Cromo Drive<br>El Paso, Texas 79912<br>(915) 832-7200<br>(915) 832-7333 Facsimile<br>jray@rmjfirm.com<br>alopez@rmjfirm.com |
| August 11, 2016 | /s/ Jeff Ray<br>**JEFF RAY**<br>State Bar No. 16604400<br>**ALDO ROMAN LOPEZ**<br>State Bar No. 24060185<br>*Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I, Jeff Ray, certify on this day of August 11, 2016, I electronically filed the foregoing motion with the clerk of the court for the U.S. District Court, Western District of Texas, using the CM/ECF system which will send notification to all counsel of record on the CM/ECF service list.

/s/ Jeff Ray
**JEFF RAY**

5